**UNITED VAN LINES, INC., Plaintiff,**

v.

**David ZAK and Susan Zak, Defendants.**

**No. 94 127 WLB.**

United States District Court, S.D. Illinois.

July 7, 1994.

James P. Bick, Jr., LaTourette, Schlueter & Byrne, St. Louis, MO, for plaintiff.

Paul H. Lauber, Raney & Lauber, P.C., Edwardsville, IL, for defendants.

*ORDER*

BEATTY, District Judge.

This matter is before the court on the Plaintiff's Motion for Summary Judgment and to Dismiss Defendants' Counterclaims, (Doc. 13). The Defendants have failed to respond to this motion pursuant to Local Rule 5, however, because of the serious nature of the motion and the court's ruling, the

court will address the issues presented in the Motion.

## Facts and Background

The relevant facts are undisputed. The Plaintiff, (United), is an interstate motor common carrier of household goods and furnishings. United filed this action to collect the charges for the interstate transportation of the Defendants' household furnishings and personal property from Kent, Ohio to Flint, Michigan between February 27, 1993 and March 1, 1993. The Defendant David Zak signed a Bill of Lading as shipper/consignor, prior to the move. The Defendants contend in their answer and counterclaim that David Zak's former employer, Consolidated Packaging Corporation, is liable for the charges and that they [the Defendants] never intended to be responsible for the charges incurred as a result of the move from Kent to Flint. The counterclaim further alleges that Defendant David Zak was deceptively induced into signing the bill of lading and that the Plaintiff has violated the Ohio Deceptive Trade Practices Act.

## Discussion

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The non-moving party may not rest on the pleadings on file, but must sufficiently establish the existence of an essential element to that party's case. *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

As an interstate motor common carrier, United is subject to the provisions of the Interstate Commerce Act. This Act requires a motor common carrier to publish its rates in a tariff filed with the ICC. 49 U.S.C. § 10762. The "filed rate" cannot be varied by separate agreement of the parties, nor can payment of the rate charged in accordance with the "filed rate" be avoided by reason of equitable defenses. "[T]his Court has read the statute to create strict file rate requirements and to forbid equitable defenses to collection of the filed tariff." *Maislin v. Primary Steel*, 497 U.S. 116, 127, 110 S.Ct. 2759, 2766, 111 L.Ed.2d 94 (1990). (See also, *Security Services, Inc. v. K Mart Corp.*, —— U.S. ——, ——, 114 S.Ct. 1702, 1706, 128 L.Ed.2d 433 (1994)). ("A motor carrier subject to the Interstate Commerce Act must publish its rates in tariffs filed with the ICC. 49 U.S.C. §§ 10761(a), 10762(a)(1). The carrier 'may not charge or receive a different compensation for that transportation ... than the rate specified in the tariff....' § 10761(a). We have held these provisions 'to create strict filed rate requirements and to forbid equitable defenses to collection of the filed tariff.' *Maislin Industries, U.S., Inc. v. Primary Steel, Inc.*, 497 U.S. 116, 127, 110 S.Ct. 2759, 2766, 111 L.Ed.2d 94 (1990); accord, *Reiter v. Cooper*, 507 U.S. ——, ——, 113 S.Ct. 1213, 1219, 122 L.Ed.2d 604 (1993); *Louisville & Nashville R. Co. v. Maxwell*, 237 U.S. 94, 97, 35 S.Ct. 494, 495, 59 L.Ed. 853 (1915) ('Ignorance or misquotation of rates is not an excuse for paying or charging either less or more than the rate filed')").

The Bill of Lading, which incorporates the interstate transportation tariffs governing the interstate transport of the Defendants' property, was signed by David Zak as shipper/consignor; Susan Zak signed the Bill of Lading as Consignee acknowledging delivery of the Zak's property in Flint, Michigan, and certain pages of the "Household Goods Descriptive Inventory". See, David Zak deposition, p. 33; Susan Zak deposition, p. 29, p. 31, p. 36, and p. 37.

Item 43, Section 3, of Tariff 400–J, in effect during February and March, 1993, sets forth the provision of joint and several liability of the shipper and consignee for payment of applicable tariff charges:

The shipper, upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of the shipment in accordance with applicable tariffs, including, but not limited to, sums advanced or disbursed by carrier on ac-

count of such shipment. The extension of credit to either shipper or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges.

Item 43, Section 3 of Tariff 400–J, attached to Affidavit of Deborah E. Davis, Director, Pricing of United Van Lines, Inc.

As previously discussed, the filed rate doctrine cannot be varied based on equitable defenses. *Maislin,* 497 U.S. at 127, 110 S.Ct. at 2766. Therefore, the claim of the Defendants that they were fraudulently induced into signing the documents regarding the transportation of their household property, is without merit.[1] Furthermore, the documents which the Defendants signed clearly set forth their liability. The fact that David Zak's employer may have agreed to pay for the shipping has no affect on the Zak's liability to United.

### Conclusion

■ The Defendants have failed to controvert the evidence presented by the Plaintiffs in order to establish that the Defendants did not sign the documents which thereby renders them liable for the filed rate amount of the transportation of their household furnishings from Kent, Ohio to Flint, Michigan, nor can they state a claim against the Plaintiff based on the Ohio Deceptive Trade Practices Act. Accordingly, the Plaintiff's Motion for Summary Judgment and Motion to Dismiss the Counterclaims of the Defendants, (Doc. 13), is granted. Judgment is entered in favor of the Plaintiff and against the Defendants in the amount of $4,125.53. The Plaintiff's request for pre-judgment interest is denied. Post-judgment interest will begin to accrue from the date of this judgment until the full amount of the judgment is paid.

IT IS SO ORDERED.

---

1. The court notes that the claim that the Zaks were fraudulently induced into signing the Bill of Lading is not supported by the depositions on file. See, Deposition of David Zak, at pp. 41, 48.

Even if this claim could be brought against the Plaintiff, the record indicates that it may not withstand a summary judgment motion.